Harry E. Schirick, Special Referee.
These proceedings are brought pursuant to article 78 of the CPLR for an order directing respondent to accept and pay petitioner’s bills for hospital *326 charges. The proceedings have been referred by the Administrative -Judge of the Third Judicial District to the undersigned as Special Referee to hear and determine.
This decision will refer to the hospitalization of Ruth Johnson but the conclusion will apply to all three above-entitled proceedings.
Ruth Johnson was admitted to petitioner hospital with a preliminary diagnosis of bronchitis-pneumonia. It appearing that she was without means to defray the cost of her hospitalization, petitioner immediately sent a report of such admission to the respondent upon his form M-2. The medical basis for such emergency admission was approved by Dr. Harry G-olembe, respondent’s medical representative, by signing such M-2 form. No issue of fact is presented as to the medical necessity for the admission, the justification for the length of the stay or the reasonableness of the charge.
Respondent’s procedure requires that the patient fill out its form MA-11, a questionnaire concerning financial means and the responsibility of relatives and other .third parties to pay for the patient’s needs and sustenance. This was done by the patient and the form was mailed to respondent. It was deemed incomplete in certain respects and returned to the patient. It never came back. No copy was retained and the respects in which it was rejected have not been established.
Section 367 of the Social Services Law provides as follows: “ If, in the case of emergency, a patient is admitted without prior authorization of the appropriate public welfare official and the hospital wishes to receive payment from public funds for such care, the hospital must, within five days of the admission, excluding Saturdays, Sundays and legal holidays, send to such public welfare official a report of the facts of the case, including a statement of the physician in attendance as to the necessity of the immediate admittance of such patient to such hospital. # * The cost of care of such patient shall be a charge against a public welfare district only when authorized by the commissioner of public welfare of such district. ’ ’
In Matter of St. Clare’s Hosp. v. Breslin (37 Misc 2d 686, 690, 692) Mr. Justice Bookstein wrote:
“ Under that section, [now section 367 of the Social Services Law] so long as petitioner has complied with its provisions, as to which there is no issue, if the patient is medically indigent, the respondent must pay the hospital charges, regardless of whether or not there is some person, under the law, who is financially able to pay the bills at the time when they were incurred. * * *
*327 '‘ It should be borne in mind that petitioner, as a practical matter, is bound to take in an emergency patient and section 187 [now section 367] is designed to assure if of prompt payment by the social welfare district, if the emergency patient is medically indigent.
“ However commendable may be the desire of respondent to prevent unnecessary invasion of the public treasury, such motive cannot permit respondent to fail to perform a duty ‘ specifically enjoined ’ upon him by law, to wit, the making of the order for payment to petitioner of its bills, once medical indigence is established. ’ ’
In affirming such decision the Appellate Division went further (19 A D 2d 922, 923): “ Thus the legislative purport in section 187, it would seem, is both to insure treatment for those who cannot provide such treatment for themselves and, at the same time, assure payment to the hospital of its bill by the welfare district if the patient is indigent. * * * We find, therefore, that before exercising his discretion to refuse payment, .the Commissioner must find that the hospital bill can be paid in full without protracted delay. =::= * * We are aware of the potential burden this decision may place on the Commissioner, but it must be remembered that paragraph (c) of subdivision 2 applies only to emergency cases ”.
The burden of showing that the patient was not actually medically indigent or that some other party should pay the bill rests on respondent. As stated in Matter of St. Joseph’s Hosp. v. Woloson (7 A D 2d 696) “these are matters of defense”. In the case at bar the proof establishes that petitioner has done all that was required of it to prove its right to payment. Respondent has not established that the patient was not medically indigent nor that any other person should pay.
Petitioner is entitled to judgment.